QUESTION: Are bonds of a foreign government which are fully guaranteed by the United States an authorized investment under the provisions of s. 215.47(1)(a), F.S.?
SUMMARY: The Board of Administration is authorized by s.215.47(1)(a), F.S., to invest in obligations fully guaranteed, as to principal and interest, by the United States government, including bonds of a foreign government if such bonds are fully guaranteed by the United States government as to principal and interest. According to the statements set out in your letter, the government of Israel proposed to issue and sell bonds which will be fully guaranteed, as to payment of both interest and principal, by the United States. (Confirmation of the fact that they are fully guaranteed by the United States should be obtained in writing from the proper federal authority.) Your question relates to the bonds being eligible investments. The Board of Administration is statutorily created by s. 215.44, F.S., and may not exercise any power or perform any function not specifically or by necessary implication authorized by statute. If there is any doubt about a power, then the board cannot exercise it. Attorney General Opinion 074-250. The legislature granted specific restrictions on the board's power to invest by making it "subject to the restrictions and limitations contained in Section 215.47." See AGO 065-48; s. 215.44(3), F.S., Art. VII, s. 10, State Const. Section 215.47, F.S., enumerates the type of investments in which the board may invest available state moneys: (1) Without limitation in: (a) Bonds, notes or other obligations of the United States or those guaranteed by the United States or for which the credit of the United States is pledged for the payment of the principal and interest or dividends thereof. With the exception of s. 215.47(2)(d), F.S., pertaining to the obligations of the International Bank for Reconstruction and Development or the Inter-American Development Bank and s. 215.47(1)(a), supra, all enumerated permissible investments relate to entities organized within the United States or its territories. The quoted statute grants the board authority to invest, without limitation, in bonds and other obligations in three instances: Obligations of the United States; obligations guaranteed by the United States; or obligations for which the credit of the United States is pledged. It would appear that the board has the specific statutory authority to invest in obligations of a foreign government if the bonds are, as stated, fully guaranteed as to principal and interest. Although the investment appears to be authorized by law, the duty and responsibility of the investment decision remain with the board. Investment of the state moneys must at all times be "handled in the best interests of the state." Section 215.47(2), F.S. The bonds in question are presumably guaranteed by the United States government pursuant to 22 U.S.C. § 2764(a) which authorizes such transactions. The President may guarantee any individual, corporation, partnership, or other juridical entity doing business in the United States (excluding United States Government agencies) against political and credit risks of nonpayment arising out of their financing of credit sales of defense articles and defense services to friendly countries and international organizations. Fees shall be charged for such guarantees. (Emphasis supplied.) Assuming, as the general counsel's office of the Department of Defense has orally stated to me, that the State of Florida is within the "juridical entity" phraseology, the guarantee of the bonds in question would be authorized by 22 U.S.C. § 2763(a). Any such investment decision must, however, remain within the discretion of the Board of Administration and be "handled in the best interests of the state."